1
2
3
4
5              IN THE UNITED STATES DISTRICT COURT FOR THE
6                       EASTERN DISTRICT OF CALIFORNIA
7
8   EVAN T. STONE,                  )   CIV- F-05-845 AWI DLB
                                    )
9            Plaintiff,              )   ORDER DISMISSING DR.
                                    )   POPPENFUS (ERRONEOUSLY
     v.                             )   NAMED AS "POPPERFREIS")
10                                  )   DUE TO RULE 41(a)(1)(ii)
     JOANNE WOODFORD, et. al.,      )   VOLUNTARY DISMISSAL
11                                  )   WITH PREJUDICE
                                    )
12           Defendants.             )
                                    )
13
14
15
16      On February 14, 2007, the parties filed a notice of voluntary dismissal with prejudice as

17 to only Defendant Dr. John Pappenfus (erroneously named as "Popperfreis") pursuant to Federal

18 Rule of Civil Procedure 41(a)(1)(ii).  The notice is signed by each party who has appeared in this

19 case.

20      Rule 41(a)(1), in relevant part, reads:

21   an action may be dismissed by the plaintiff without order of court (i) by filing a
     notice of dismissal at any time before service by the adverse party of an answer or
22   of a motion for summary judgment, whichever first occurs, or (ii) by filing a
     stipulation of dismissal signed by all parties who have appeared in the action.
23   Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is
     without prejudice, except that a notice of dismissal operates as an adjudication
24   upon the merits when filed by a plaintiff who has once dismissed in any court of
     the United States or of any state an action based on or including the same claim.
25
26 Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily after service of an

27 answer by filing a written stipulation to dismiss signed by all of the parties, although an oral

28 stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d

1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing 41(a)(1)(i)). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

    Because the parties have filed a voluntary dismissal under Rule 41(a)(1)(ii) as to only Dr. Pappenfus that is signed by all parties who have made an appearance, this case has terminated as to Dr. Pappenfus only. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

    Therefore, IT IS HEREBY ORDERED that Defendant Dr. John Pappenfus is DISMISSED from this case with prejudice in light of the parties's filed and properly signed Rule 41(a)(1)(ii) Voluntary Dismissal.

IT IS SO ORDERED.

**Dated:     February 15, 2007**           **/s/ Anthony W. Ishii**
0m8i78                            UNITED STATES DISTRICT JUDGE